# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

DONALD PAUL NEEDHAM,

       Petitioner,    :    Case No. 1:22-cv-547

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

TIMOTHY TEPE,

       :

       Respondent.

## REPORT AND RECOMMENDATION

This habeas corpus case, brought by Petitioner Donald Paul Needham *pro se* with the assistance of counsel, is before the Court for initial screening pursuant to Rule 4 of the Rules Governing § 2254 Cases. That Rule provides the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. For all habeas cases filed in this Court, the assignment procedure provides for reference to one of the Magistrate Judges of the Court under General Order 22-05.

Upon examination, the Magistrate Judge finds the Petition filed in this case does not state a claim upon which habeas corpus relief can be granted for the following reasons:

1. The person named as a respondent in a habeas case must have the petitioner in custody. Here

the named Respondent is the Honorable Timothy Tepe, a judge of the Common Pleas Court of Warren County, Ohio. Common Pleas judges may order persons taken into custody, but they are not proper respondents in a habeas corpus case.

2. Federal habeas corpus is available only to correct federal constitutional violations that occur in state criminal cases and cause a person to be unconstitutionally detained. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The Petition in this case does not assert Petitioner is detained as a result of an unconstitutional conviction. Indeed, it does not assert Petitioner has been convicted at all. Instead of an allegation of an unconstitutional conviction, the Petition is largely a list of legal definitions. The Magistrate Judge cannot tell what the purpose is because the definitions are not connected by a narrative that explains why they are pleaded.

    Because the Petition does not state a claim upon which habeas corpus relief can be granted, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice. If Petitioner wishes to re-file, he must use the standard form of § 2254 petition which is available from the Clerk of Court. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

September 23, 2022

s/ *Michael R. Merz*
United States Magistrate Judge

\#