UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donald Paul Needham, | ) |
| Petitioner, | ) Case No.: 1:22-cv-547 |
| vs. | ) Judge Michael R. Barrett |
| Timothy N. Tepe, | ) |
| Respondent. | ) |

## **ORDER**

This matter is before the Court on the Magistrate Judge's September 23, 2022 Report and Recommendation ("R&R"). (Doc. 2). Petitioner was given proper notice under Fed. R. Civ. P. 72(b), including notice that he may forfeit rights on appeal if he failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Petitioner subsequently filed a document with the caption, "Writ of Error Quae Coram Nobis Residant" (Doc. 3), portions of which the Court will construe as objections.

**Standard**. When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

1

General objections are insufficient to preserve any issue for review. "A general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate[ judge]'s suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Renchen v. Comm'r of Soc. Sec.*, No. 1:13-cv-752, 2015 WL 1097349, at *6 (S.D. Ohio Mar. 11, 2015) (plaintiff's objection "is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge" and therefore need not be reconsidered) (citing *Howard*, 932 F.2d at 508–09).

**Summary of the R&R.** The Magistrate Judge reviewed Petitioner's Petition for a Writ of Habeas Corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides in pertinent part: "The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] In this regard, he has recommended that the Court dismiss the Petition without prejudice because it fails to state a claim upon which habeas corpus relief can be granted. The Magistrate Judge notes

---

[1] All non-capital habeas corpus cases filed (on or after February 1, 2022) in the Southern District of Ohio are referred "to the assigned Magistrate Judge for all purposes including deciding any matters classified by law as non-dispositive and filing a report and recommendation on all matters classified by law as dispositive." In Re: Assignment and Reference of Prisoner Cases to Magistrate Judges in the Southern District of Ohio, General Order 22-05 (Jan. 28, 2022).

2

first the general principle that the person named as a respondent in a habeas case must have the petitioner in custody.  (Doc. 2 PAGEID 43–44).  The named Respondent here is Timothy N. Tepe, a judge of the Common Pleas Court of Warren County, Ohio.[2]  While Judge Tepe has the power to order that a person be taken into custody, he, himself, is not a custodian.  Next, by statute, federal habeas corpus is available only to correct federal constitutional violations that occur in state criminal cases.  (*Id.* PAGEID 44 (citing, *inter alia*, 28 U.S.C. § 2254(a))); *see Wilson v. Corcoran*, 562 U.S. 1, 16 (2010) ("But it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.  The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (citing § 2254(a)) (emphasis in original).  Here, the Magistrate Judge explains, Petitioner does not assert that he is currently detained as a result of an unconstitutional conviction.  In fact, Petitioner does not assert that he has even been convicted.  Rather, as summarized by the Magistrate Judge, the Petition "is largely a list of legal definitions[ ] . . . [that] are not connected by a narrative that explains why they are pleaded."  (*Id.* PAGEID 44).

**Petitioner's responsive filing.**  "At common law, the writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases. Although use of the writ was suspended in civil cases pursuant to Fed. R. Civ. P. 60(b), it survived in the criminal context." *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001) (citing *United States v. Morgan*, 346 U.S. 502, 506 (1954)).  "[T]he writ of *coram nobis* is available only 'when a [28 U.S.C.] § 2255 is unavailable—generally, when the

---

[2] https://www.co.warren.oh.us/commonpleas/GenInfo/Tepe.aspx (last visited 10/24/2022).

3

petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief.'" *Id.* at 755 (quoting *Blanton v. United States*, 94 F.3d 277, 231 (6th Cir. 1996)).

Petitioner does not claim either that he has been convicted of a federal offense or that he has served a term of incarceration in connection therewith. Filing a petition for a writ of error *coram nobis*, then, would be procedurally incorrect. But Petitioner didn't file a "petition." Instead, he purports to file a 79-paragraph "writ" in his capacity as a judicial officer ("DONALD ENLIL ANU")[3] of the "Celestial Kings Bench, Superior Court of Ohio." (Doc. 3 (caption)). As such, he claims to "rescind[ ] all rulings entered on 09/23/2022[ ]" and invites "the magistrate, plaintiff, and defendants . . . to show cause to this court why this order should not take effect or should be modified." (*Id.* (¶¶ 76–78)).

Petitioner, who is not a judicial officer in the Southern District of Ohio, has no authority to issue a writ or show cause order. On its own motion, a court "may strike from a **pleading** . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(1) (emphasis added). When a document is not a pleading, "trial courts make use of their inherent power to control their dockets." *Cincinnati Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 377 F. Supp. 3d 859, 864 (S.D. Ohio 2019) (cleaned up); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414, 2020 WL 7342925, at *1 (S.D. Ohio Dec. 13, 2020)

---

[3] "**Enlil** was one of the supreme deities of the Mesopotamian pantheon. He decreed the fates, his command could not be altered, and he was the god who granted kingship." http://oracc.museum.upenn.edu/amgg/listofdeities/enlil/index.html (last visited 10/24/2022). "An/**Anu** belongs to the oldest generation of Mesopotamian gods and was originally the supreme deity of the Babylonian pantheon. . . . In heaven he allots functions to other gods, and can increase their status at will[.] . . . On earth he confers kingship, and his decisions are regarded as unalterable. Later An/**Anu** came to share or cede these functions, as **Enlil** and subsequently Marduk rose to prominence, but retained his essential character and high status throughout Mesopotamian history. Indeed, when other gods are elevated to a position of leadership, the are said to receive the *anûtu*, the '**Anu**-power'". http://oracc.museum.upenn.edu/amgg/listofdeities/an/index.html (last visited 10/24/2022).

(citing *Cincinnati Ins. Co.*, "This Court has the inherent authority to control its docket, which includes the authority to strike documents or portions of documents."). Accordingly, in an exercise of its inherent authority to control its docket, the Court will strike those immaterial and impertinent portions of Petitioner's "Writ of Error Quae Coram Nobis Residant" where he masquerades as a judicial officer.[4]

**Portions of Petitioner's responsive filing construed as objections.** Petitioner's objections—like his initial filing—similarly contain a litany of definitions, along with rambling and extraneous commentary. And those paragraphs that reference the R&R specifically do not address the two flaws identified by the Magistrate Judge.

Petitioner complains that the "record shows that this court held a hearing on September, 22, 2022 for the purpose of considering the kings, the states private actions and without his consent a state and plaintiff's, petitioners personal action of Habeas Corpus, to inquire about any such restraint the individual known as Timothy N Tepe may have and that as was expressed and of the unknown is causing serious injury and incur to the state." (Doc. 3 (¶ 2)). He further complains that the "record shows that the magistrate did not conduct the hearing in accordance with either the stated rules of court (Federal Rules of Civil Procedure of this States Union, specified in Action of Habeas Corpus, or the foundation rules of a court of record, nor bother to check with the publication of the lex situs[.]" (*Id.* (¶ 3)). Petitioner charges that, "without proper authority,

---

[4] The Magistrate Judge recently exercised this inherent authority when he struck the documents that Petitioner filed on October 11, 2022. (Decision and Order, Doc. 11 PAGEID 84 ("The docket of a United States District Court is not the dumping ground for a person who files papers which bear no rational relationship to any properly pleaded claim in the name of [Tiamat,] an ancient Near Eastern goddess. Accordingly, the Clerk is prohibited from filing any further documents tendered by Petitioner without prior court permission. Any additional papers Petitioner desires to file in this case must be attached to a motion for leave to file. If the Court grants permission to file, the permitted documents will then be detached and separately docketed.")).

the magistrate stepped out of his function as a magistrate and, by his actions and statements, figuratively assumed the cloak of a tribunal[.]" (*Id.* (¶ 28); *see id.* (¶ 27)). The Court will overrule these objections as having no basis in fact, inasmuch the docket does not reflect that the Magistrate Judge held a hearing on September 22, 2022.

Continuing, Petitioner states that "[t]he Magistrate clearly is confused and hasn't read a single line on the Habeas corpus nor understand what a habeas corpus is and while its very concerning how this administrated attempted to do this." (*Id.* (¶ 34.33)). The paragraphs that follow are replete with criticisms of the Magistrate Judge's reasoning. However polemic, they amount to nothing more than a disagreement with his suggested resolution. Under *Aldrich*, then, these objections are properly overruled.

Based on the foregoing and upon a de novo review, the Court **OVERRULES** Petitioner's objections. The Magistrate Judge's September 23, 2022 R&R is **ACCEPTED** and **ADOPTED** in its entirety. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. If Petitioner wishes to refile, he must use the standard form of § 2254 petition available at https://www.uscourts.gov/forms/civil-forms/petition-writ-habeas-corpus-under-28-usc-ss-2254. Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith and thus denies Petitioner leave to appeal *in forma pauperis*.[5]

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[5] As a non-prisoner, Petitioner remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).